1

2

3

4

5              UNITED STATES DISTRICT COURT

6              EASTERN DISTRICT OF WASHINGTON

7   DON WALLER, a Washington
    Resident,                                    NO: 2:19-CV-0018-TOR
8
                          Plaintiff,             ORDER GRANTING DEFENDANTS'
9                                                MOTION FOR JUDGMENT ON THE
         v.                                      PLEADINGS: DENYING
10                                               PLAINTIFF'S MOTION TO AMEND
    CITY OF SPOKANE FIRE
11  DEPARTMENT; CITY OF
    SPOKANE, WASHINGTON; and
12  IAFF LOCAL 29,

13                        Defendants.

14

15       BEFORE THE COURT is Defendants the City of Spokane Fire Department

16  and the City of Spokane, Washington's Motion for Judgment on the Pleadings

17  (ECF No. 18) and Plaintiff Don Waller's Motion to Amend (ECF No. 21).  The

18  Motions were submitted with oral argument on November 6, 2019.  The Court –

19  having reviewed the record and the completed briefing – is fully informed.  For the

20

ORDER GRANTING DEFENDANTS' MOTION FOR JUDGMENT ON THE
PLEADINGS: DENYING PLAINTIFF'S MOTION TO AMEND ~ 1

reasons discussed below, the Court **grants** Defendants' Motion (ECF No. 18) and **denies** Plaintiff's Motion (ECF No. 21).

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(c) provides that, "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." "For purposes of the motion, the allegations of the non-moving party must be accepted as true, while the allegations of the moving party which have been denied are assumed to be false." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir. 1989) (citations omitted). "Judgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." *Id.* (citation omitted).

A motion under Rule 12(c) is reviewed under the same standard of review as that of Rule 12(b)(6). *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054, n.4 (9th Cir. 2011). As such, a motion for judgment on the pleadings will be denied if the plaintiff alleges "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While the plaintiff's "allegations of material fact are taken as true and construed in the light most favorable to the plaintiff[,]" the plaintiff cannot rely on

ORDER GRANTING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS: DENYING PLAINTIFF'S MOTION TO AMEND ~ 2

"conclusory allegations of law and unwarranted inferences [] to defeat a motion to dismiss for failure to state a claim." *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1403 (9th Cir. 1996) (citation and brackets omitted). That is, the plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements." *Twombly*, 550 U.S. at 555.

"Generally, the scope of review on a motion to dismiss for failure to state a claim is limited to the contents of the complaint." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006) (citation omitted). However, "[a] court may consider evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Id.* (citations omitted). "The court may treat such a document as 'part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6).'" *Id.* (quoting *United States v. Ritchie,* 342 F.3d 903, 908 (9th Cir. 2003)).

## BACKGROUND[1]

This case arises out of Plaintiff Don Waller's alleged misconduct in the workplace while working for the City of Spokane Fire Department ("SFD") and

---

[1]     The following facts are gleaned entirely from Plaintiff's Complaint.

the resulting Settlement Agreement agreed upon by the City of Spokane ("City")

and Plaintiff's union, IAFF Local 29 ("Local 29").  ECF No. 1 at 3, ¶ 8.

In short, an employee of SFD filed a complaint alleging, *inter alia*, that

Plaintiff and other SFD employees "had engaged in a pattern of workplace

bullying and harassment" over the last three to six years.  ECF No. 1 at 3-4, ¶ 8.

Plaintiff was informed of the complaint on or about February 9, 2018, and was

provided with a "*Loudermil*[2] hearing".[3]  ECF No. 1 at 3-4, ¶¶ 8-10.  "Local 29

President Randy Marler and Local 29 Attorney SaNni Lemonidis were present for

the interview."  ECF No. 1 at 4, ¶ 10.

"[F]ollowing the June 7, 2018 *Loudermill* [hearing], the City and Local 29

were attempting to resolve the filed complaint via settlement procedures outlined

in the Collective Bargaining Agreements between the City and Local 29 Spokane

---

[2]    Derived from *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532 (1985)

and hereinafter italicized to designate it as a case name.

[3]    Plaintiff asserts that there were "allegations raised post-*Loudermill* that SFD

employees were never given the chance to respond to", but Plaintiff does not

otherwise appear to be proceeding on a claim based on such, as Plaintiff otherwise

alleges that "[t]he appropriateness of the *Loudermill* hearings cannot adequately be

addressed by [Plaintiff] at this time."  ECF No. 1 at 4, ¶¶ 9-10.

ORDER GRANTING DEFENDANTS' MOTION FOR JUDGMENT ON THE
PLEADINGS: DENYING PLAINTIFF'S MOTION TO AMEND ~ 4

Fire Fighters Bargaining Unit ('CBA 2016-2019') and the SAFO Bargaining Unit ('CBA 2017-2020')." ECF No. 1 at 5, ¶ 11. "Identical provisions in the CBAs permit the City and the union to have meetings of their respective negotiating committees to resolve any grievance before them." ECF No. 1 at 5, ¶ 11. "At no time was Waller asked to participate in the settlement discussions." ECF No. 1 at 5, ¶ 11.

"On or about July 16, 2018, the City and Local 29 entered in a labor agreement titled 'Settlement Agreement between City of Spokane and IAFF Local 29' ('Agreement')." ECF No. 1 at 5, ¶ 12. "The Interim Vice President of SAFO, the bargaining unit to which [Plaintiff] belongs, participated in the negotiation leading up to this Agreement" and the "Agreement was also executed by City Personnel, as well as the President, Vice President, Treasurer, and Secretary of Local 29." ECF No. 1 at 5, ¶ 12.

The Agreement provided that Plaintiff and others were found to have violated City policies and that that City was "prepared to issue serious discipline to [them] based upon the sustained policy violations." ECF No. 1 at 6 (brackets in original) (Plaintiff quoting Agreement). The Agreement further provided that Plaintiff would be "suspended for two shifts (48 hours) without pay" and that he would "receive his discipline within seven (7) calendar days of the Agreement." ECF No. 1 at 6, ¶ 13. "Importantly, the Agreement provided 'the Union and

ORDER GRANTING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS: DENYING PLAINTIFF'S MOTION TO AMEND ~ 5

members agree not to dispute the above discipline, including any possible claim asserted through the grievance procedure or Civil Service Rules.'" ECF No. 1 at 6, ¶ 14 (Plaintiff quoting Agreement).

On the same day the Agreement was finalized, the City sent signed letters of suspension to Plaintiff, which (mistakenly) stated that Plaintiff had a right to appeal the decision to the Civil Service Commission and that Plaintiff may also have the right to grieve the discipline through his collective bargaining agreement. ECF No. 1 at 6-7, ¶ 15. According to Plaintiff, he did not receive the letter until August 9, 2018.

On August 13, 2018, the Civil Service Commission sent a letter to Plaintiff (again, mistakenly) advising him of his right to appeal the order of discipline "received by the Commission on August 13, 2018." ECF No. 1 at 7, ¶ 17. Plaintiff filed an appeal with the Civil Service Commission and an "attorney appeared on behalf of [Plaintiff] in the Civil Service Appeal on August 22, 2018." ECF No. 1 at 8, ¶ 18.

On August 29, 2018, the City advised Plaintiff that the reference to his right to appeal in the discipline letter from the City was a "Clerical Error", asserting that Plaintiff's right to appeal under the Civil Service Rules were superseded by the parties' negotiated Settlement Agreement. ECF No. 1 at 8-9, ¶¶ 19-20.

"The Civil Service Commission agreed to hear, after briefing by Waller and

ORDER GRANTING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS: DENYING PLAINTIFF'S MOTION TO AMEND ~ 6

the City, whether or not the Agreement preempted the Commission's jurisdiction to hear Waller's appeal." ECF No. 1 at 9, ¶ 22. "The City and counsel for [Plaintiff] briefed the issue and argued the same before the Civil Service Commission on September 18, 2018." ECF No. 1 at 9, ¶ 22. "The Commission, referencing a previous loss to the City on jurisdictional issues, [made] an oral ruling that it did not have jurisdiction to hear Waller's appeal" and "reduced its ruling to writing circulated at its October 2018 meeting." ECF No. 1 at 9, ¶ 22.

Plaintiff filed suit on January 15, 2019. Plaintiff now concedes that the City of Spokane Fire Department is not a proper party, ECF No. 23 at 4, n.1, so it will be dismissed as a party. Plaintiff asserted a claim for "Due Process Violations" under the United States Constitution, "Amendments 5 & 14" and the Washington State Constitution, Art. I, Sec. 3. ECF No. 1 at 10-11, ¶¶ 24-27. Plaintiff asserted a second claim for Breach of Duty of Fair Representation under the National Labor Relations Act. ECF No. 1 at 11-12, ¶¶ 28-32.

## DISCUSSION

Plaintiff's complaint is two-fold. Under Plaintiff's due process claim, Plaintiff takes issue with the provision in the Settlement Agreement whereby the Union on Plaintiff's behalf purportedly waived his right to appeal the disciplinary decision. Under Plaintiff's NLRA claim, Plaintiff asserts the City and the Union breached their duty to act fairly and that the City coerced the union into entering

1  into the agreement.  Defendants argue that Plaintiff's claims fail because the union

2  had the authority to enter into the agreement and acted fairly in doing so, and that

3  Plaintiff does not allege facts supporting the purported coercion.  The Court agrees

4  with Defendants.

5      A.  **NLRA; PEBCA**

6      As an initial matter, Plaintiff concedes that the NLRA does not apply, but

7  asserts the Washington Public Employees Collective Bargaining Act ("PECBA")

8  (RCW 19.56, *et seq.*) is applicable: "As to the fair representation claim, [Plaintiff]

9  could present the same set of factual allegations and apply them to a [PECBA]

10 violation under RCW 41.56.140 (for the City) and RCW [41.56.150] (for the

11 Union) without changing anything but the legal citation to the NLRA."  ECF No.

12 20 at 6.

13     Under PEBCA, it is an unfair labor practice for a public employer or

14 bargaining representative to: (1) "interfere with, restrain, or coerce public

15 employees in the exercise of their rights guaranteed by [by chapter 41.56]"; (2)

16 "control, dominate, or interfere with a bargaining representative" or "induce the

17 public employer to commit an unfair labor practice", respectively; (3)

18 "discriminate against a public employee who has filed an unfair labor practice

19 charge"; or (4) "refuse to engage in collective bargaining".  RCW 41.56.140;

20 41.56.150.

Even if the Court were to grant Plaintiff's request to Amend the Complaint to change the citation, the claim would fail. Under the relevant section in the Complaint, Plaintiff references the Union and the City's duty to act fairly in negotiating and asserts (1) they failed to comply with their duty by entering into the agreement waiving Plaintiff's rights to appeal and that (2) the City coerced the Union and "compelled the Union to breach its duties." ECF No. 1 at 11-12, ¶¶ 29-31.

There is nothing to suggest Defendants did anything improper in the negotiations—which resulted in a reduced, minor punishment (a 48-hour suspension) for violative conduct that spanned multiple years. Plaintiff simply does not like the terms of the Agreement, which are not unreasonable on their face. Plaintiff also complains that he was not involved in the negotiations, but this is standard practice while being represented by a Union.

Plaintiff otherwise asserts the City coerced the Union to breach its duty, but there are no factual allegations to support this bald conclusion and Plaintiff makes no attempt to further explain the basis for such. *See* ECF No. 20. Plaintiff argues the City is "elevat[ing] 'coercion' to some heightened pleading standard", ECF No. 20 at 12, n.2, but this is not the case—it is black letter law that bare allegations without factual adornment are not sufficient to survive a motion to dismiss.

Finally, the only basis for this Court's jurisdiction over a claim under the

PEBCA, if Plaintiff were to amend his complaint, is 28 U.S.C. § 1367, supplemental jurisdiction.  Without a valid constitutional due process cause of action, this Court declines to exercise supplemental jurisdiction for the PECBA claim.  28 U.S.C. § 1367(c)(3).

B.  **Due Process**

Defendants argue that the waiver "is binding and supersedes any appeal rights granted by the Civil Service Rules" and that there is nothing otherwise "illegal about the parties' negotiated settlement to reduce the level of discipline in exchange for final resolution of the matter."  ECF No. 18 at 11.   Plaintiff, on the other hand, alleges he is entitled to post-discipline review, that he is "entitled to retain his job at the current rank and pay absent just cause", and that "[t]he City, in coercing or compelling the Union into signing away [Plaintiff's] appeal rights, violated his constitutionally guaranteed due process rights."  ECF No. 1 at 10-11, ¶ 26.

Section 3, Article 1 of the Washington State Constitution provides: "No person shall be deprived of life, liberty, or property, without due process of law." The Fifth Amendment does not apply directly to the State—the protections of the Fifth Amendment are, however, incorporated under the Fourteenth Amendment. "The Fourteenth Amendment protects individuals against the deprivation of liberty or property by the government without due process." *Portman v. Cty. of Santa*

*Clara*, 995 F.2d 898, 904 (9th Cir. 1993). "A section 1983 claim based upon procedural due process thus has three elements: (1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; (3) lack of process." *Id.* "The Due Process Clause does not create substantive rights in property; the property rights are defined by reference to state law." *Id.*

Under Washington Administrative Code 391-45-001, employees may file a complaint with the Washington Civil Service Commission "charging that a person has engaged in or is engaging in an unfair labor practice." The Parties agree that Plaintiff would generally have a right to appeal the disciplinary decision at issue to the Civil Service Commission under WAC Chapter 391-45. *See* ECF No. 18 at 9 ("In the absence of a settlement agreement, [Plaintiff] had the right to grieve his discipline under the collective bargaining agreement and civil service rules"). However, Defendants contend the right to appeal was effectively waived by the Settlement Agreement.

PECBA governs collective bargaining agreements. The Legislature passed PECBA in order to:

> promote the continued improvement of the relationship between public employers and their employees by providing a uniform basis for implementing the right of public employees to join labor organizations of their own choosing and to be represented by such organizations in matters concerning their employment relations with public employers.

RCW 41.56.010. Generally, "the matters subject to bargaining include wages,

ORDER GRANTING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS: DENYING PLAINTIFF'S MOTION TO AMEND ~ 11

hours, and other terms and conditions of employment, and the negotiation of any question arising under a collective bargaining agreement." RCW 41.80.020. Notably, RCW 41.80.030 provides: "[a] collective bargaining agreement shall contain provisions that . . . [r]equire processing of disciplinary actions or terminations of employment of employees covered by the collective bargaining agreement entirely under the procedures of the collective bargaining agreement." Except in circumstances not applicable here, RCW Chapter 41.56 controls over any conflicting "statute, ordinance, rule or regulation of any public employer". RCW 41.56.905.

"Washington courts interpreting the definition of 'collective bargaining' . . . have identified three broad categories of issues related to collective bargaining: (1) mandatory issues, (2) permissive issues, and (3) illegal issues." *Washington State Patrol Lieutenants Ass'n v. Sandberg*, 88 Wash. App. 652, 657 (1997) (citation omitted). Issues regarding wages, hours and other terms and conditions of employment are considered mandatory issues that must be bargained for under the collective bargaining agreement; procedures for establishing such are typical examples of permissive issues; and "illegal issues include matters that, because of a statutory or constitutional prohibition, the parties may not consider during the collective bargaining process." *Id.* at 657-58 (citations and internal quotation marks omitted).

Defendants argue that the Settlement Agreement provisions—entered into pursuant to the PECBA—govern over WAC Chapter 391-45. As a result, Defendants argue, Plaintiff has no right to appeal the decision pursuant to the terms of the agreement because those terms trump the conflicting WAC provisions that would otherwise allow Plaintiff to challenge the disciplinary decision. Plaintiff does not appear to challenge this premise, but rather argues the waiver provision is somehow unconstitutional. *See* ECF No. 20 at 8-9. Plaintiff concedes that the Union is his representative. Because the Union entered into the Settlement Agreement on Plaintiff's behalf, it effectively waived his right to appeal the discipline imposed.

Despite Plaintiff's claim that he was deprived of due process, the matter is less of an issue of due process and more of an issue of determining the scope of the Union's agency authority. If the Union had the authority to enter a settlement agreement waiving Plaintiff's right to appeal *the disciplinary decision*, then Plaintiff's complained-of rights were effectively waived, at least as it pertains to the protections under WAC chapter 391-45.

The parties do not dispute that settling employment disciplinary matters falls within the authority of the Union as Plaintiff's representative. Plaintiff simply complains that the Settlement Agreement waived his right to challenge the disciplinary decision and that the Union cannot enter into such an agreement on his

behalf.  The Court disagrees.

Importantly, the Settlement Agreement did not waive any substantive right, such as the right to pursue an affirmative discrimination claim—it merely waived his right to challenge the discipline through the collective bargaining agreement or the Commission.  Notably, the complained-of deprivation is the right to appeal, itself.  Plaintiff concedes he was given a pre-disciplinary, *Loudermill* hearing. Given these undisputed facts, Plaintiff has no valid basis to complain.

The Court finds instructive the Supreme Court case of *14 Penn Plaza LLC v. Pyett*, 556 U.S. 247 (2009), which concerned an analogous framework present here.[4]  In *14 Penn Plaza*, the Supreme Court held that a provision in the underlying collective bargaining agreement requiring union members to submit all claims of employment discrimination to binding arbitration was enforceable.  *Id.* at 251-255. Importantly, the Supreme Court stated that "[n]othing in the law suggests a distinction between the status of arbitration agreements signed by an individual employee and those agreed to by a union representative."  *Id.* at 258.  In deciding, the Court observed that the union "enjoys broad authority . . . in the negotiation and administration of [the] collective bargaining contract", and that the "freely

---

[4]     While *14 Penn Plaza* dealt with the National Labors Relations Act and the Age Discrimination in Employment Act, the framework is materially the same.

ORDER GRANTING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS: DENYING PLAINTIFF'S MOTION TO AMEND ~ 14

negotiated term between the Union and the [employer] easily qualifies as a 'condition of employment' that is subject to mandatory bargaining . . . ." *Id.* at 256 (brackets omitted) (citing *Litton Financial Printing Div., Litton Business Systems, Inc. v. NLRB*, 501 U.S. 190, 199 (1991).

Here, Plaintiff has not pointed to any authority suggesting there is a distinction between an agreement waiving the right to appeal a disciplinary decision "signed by an individual employee and those agreed to by a union representative". As such, Plaintiff, through his agent the Union, waived his rights to appeal. Notably, Washington specifically provided that bargaining includes " the negotiation of any question arising under a collective bargaining agreement . . . ." RCW 41.80.020.

Unless it is clear amendment of the complaint would be futile, the Court should grant leave to amend. At oral argument, Plaintiff's counsel conceded that Mr. Waller has pled all the facts that he is aware of at this point to raise the issues under PECBA and under the constitution. Based on this and Plaintiff's submission of his proposed amended complaint, which does not cure the defects, the Court finds amendment of this claim would be futile. Accordingly, Plaintiff's motion for leave to amend is **denied**.

//

//

ORDER GRANTING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS: DENYING PLAINTIFF'S MOTION TO AMEND ~ 15

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. The City of Spokane Fire Department is not a proper party, ECF No. 23 at 4, n.1, and is therefore **DISMISSED**. The Clerk shall terminate the City of Spokane Fire Department from the docket.

2. Defendants the City of Spokane Fire Department and the City of Spokane, Washington's Motion for Judgment on the Pleadings (ECF No. 18) is **GRANTED**. Plaintiff Don Waller's due process claim is **DISMISSED with prejudice**. Plaintiff Don Waller's NLRA claim is **DISMISSED without prejudice**.

3. Plaintiff Don Waller's Motion to Amend (ECF No. 21) is **DENIED**.

4. The court declines to exercise supplemental jurisdiction for any attempt to amend the NLRA claim as a PECBA claim. 28 U.S.C. § 1367(c)(3). Thus, the NLRA/PECBA claim against Defendant IAFF Local 29 is also dismissed without prejudice.

The District Court Executive is directed to enter this Order, enter Judgment for Defendants, close the file, and furnish copies to the parties.

**DATED** November 8, 2019.



THOMAS O. RICE
Chief United States District Judge

ORDER GRANTING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS: DENYING PLAINTIFF'S MOTION TO AMEND ~ 16